**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-20261
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS JEROME CAMPBELL,

Defendants-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
Houston Division, Criminal No. H-96-193-01

December 4, 1997
Before JONES, SMITH,  and STEWART, Circuit Judges.

PER CURIAM:[*]

This is an appeal of a sentencing determination made by the district court.  Defendant

Marcus Jerome Campbell pled guilty to armed bank robbery; conspiracy to use and carry a firearm

in relation to a crime of violence; and using and carrying a firearm in relation to a crime of violence.

He was sentenced to concurrent terms of imprisonment of 135 months on the bank robbery and

conspiracy charges and to a term of imprisonment of 60 months for the firearm count, to run

---

[*]Pursuant to 5TH  CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH  CIR R. 47.5.4.

consecutively to the sentences served on counts one and two. For the following reasons we affirm the judgment below.

## FACTUAL BACKGROUND

Campbell recruited three accomplices to rob the Lone Star Bank in Houston, Texas. He and his three accomplices drove to the bank in a stolen car. Campbell and one of his accomplices, Hampton, both carrying firearms, entered the bank while the others remained in the car. After entering the bank, Campbell remained in the lobby and pretended to complete a deposit slip, while Hampton followed the security guard, Valcour Dominick, to a back break room.

In the break room, Hampton pulled out his firearm and attempted to subdue Dominick, but Dominick resisted and a struggle ensued. Campbell then came into the room and threatened to shoot Dominick. At this point, Dominick surrendered his gun to Hampton. Campbell and Hampton then attempted to force Dominick into the men's bathroom. Another struggle ensued. As Campbell and Dominick struggled, Campbell's gun fired. Fearing for his life, Dominick broke away from the men and ran toward the lobby. Campbell fired at and struck Dominick, leaving him critically wounded.

## PROCEDURAL BACKGROUND

Among the adjustments to Campbell's base offense level recommended by the PSR and subsequently applied by the district court was a three-level upward adjustment based on the victim's being an "official victim" within the meaning of § 3A1.2(b) of the Sentencing Guidelines.

2

[1] However, the district court also determined that if its application of § 3A1.2(b) was incorrect, it was alternatively entitled to make the adjustment in the form of an upward departure under § 5K2.0.[2] The district court determined that the Sentencing Commission had not taken into consideration the aggravating factor of the offense being committed against a private security guard who appeared to be a law enforcement officer and thus, under either § 3A1.2(b) or § 5K2.0, it was entitled to increase Campbell's offense level by three levels.

STANDARD OF REVIEW

This Court reviews a sentence imposed to determine whether the district court correctly applied the Sentencing Guidelines to factual findings that are not clearly erroneous. <u>United States v. Montoya-Ortiz</u>, 7 F.3d 1171, 1179 (5th Cir. 1993). Legal conclusions regarding the guidelines are reviewed <u>de novo</u>. <u>Id</u>.

---

[1]    Section 3A1.2(b) provides for a three-level increase of a defendant's offense level if:

> during the course of the offense or immediate flight therefrom, the defendant or a person for whose conduct the defendant is otherwise accountable, knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of bodily injury.

[2]Section 5K2.0 consists of a policy statement regarding 18 U.S.C. § 3553(b) which allows the sentencing court to impose a sentence outside the range established by the applicable guideline if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

3

DISCUSSION

Campbell argues that the district court erred in enhancing his offense level under § 3A1.2(b) because that guideline protects law enforcement and corrections officers and does not apply to private security guards. However, Campbell has not argued on appeal that the district court erred in departing upward under § 5K2.0 based on aggravating circumstances not considered by the Sentencing Commission. Therefore, this issue is deemed abandoned on appeal. See United States v. Rivas, 99 F.3d 170, 176 (5th Cir. 1996), cert. denied, 117 S. Ct. 1326 (1997).

The district court may depart upward from the Sentencing Guidelines if it finds the existence of aggravating circumstances that were not adequately taken into consideration under the Guidelines. 18 U.S.C. § 3553(b); United States v. Hawkins, 87 F.3d 722, 728 (5th Cir. 1996); United States v. Ashburn 3 F.3d 803, 807 (5th Cir. 1994) (en banc), cert. denied, 514 U.S. 1113 (1995). We, therefore, decline to make a determination of whether § 3A1.2(b) takes into account the factual situation arising herein. Rather, we find the district court's alternative ground for the upward adjustment under § 5K2.0 -- that the Sentencing Commission did not take into consideration the aggravating factor of the offense being committed against a private security guard who appears to be a law enforcement officer -- is proper and is, thus, AFFIRMED.